UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARCELLA MEANS                                                                                  Plaintiff

v.                                                                           Civil Action No. 3:21-cv-711-RGJ

OFFICER LASHA BEARDEN, ET AL.                                                       Defendants

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Officers Lasha Bearden and Keshonda Rudolph (both, "Defendants") move to dismiss Plaintiff Darcella Means' ("Means") Complaint. [DE 4]. Means responded [DE 7], and Defendants replied. [DE 9]. Means moves to amend her Complaint. [DE 8]. Defendants responded [DE 10] and Means replied. [DE 11]. For the reasons below, Defendants Motion to Dismiss [DE 4] is **DENIED**, and Mean's Motion to Amend [DE 8] is **GRANTED**.

### I.     BACKGROUND

The factual allegations in the Complaint [DE 1-2] and Amended Complaint [DE 8-3] are considered true for purposes of this motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

On September 2, 2020, a Jefferson County Judge ordered Means to enter a 90-day drug recovery program at Louisville Metro Department of Corrections ("LMDC"). [DE 1-2 at 8]. The same day, when Defendants processed her through booking procedures, they removed her wig and clothes and "paraded [her past] at least seven (7) male officers and at least five (5) male detainees present in the booking area." [*Id.* at 9-13].

Later the same day, Means asked LMDC employees and officers about the process for filing a complaint and was ignored. [DE 8-3 at 64]. Means ultimately filed a grievance. From

1

September 3, 2020 to October 21, 2020, Means inquired and requested updates about her filed grievance. [*Id.*]. Means "filed other grievance complaining of the defendants' conduct" on October 21, 2020. [*Id.* at 65]. Her grievance was denied on October 23, 2020. [*Id.*]. Means requested her denial be appealed and continued to inquire about updates about her appeal until January 2021. [*Id.*].

Means sued Defendants in Jefferson Circuit Court on October 20, 2021, alleging violations of her civil rights under 42 U.S.C. § 1983, and intentional infliction of emotional distress under Kentucky law. [DE 1-2]. Defendants removed the case to this court under original federal question jurisdiction for the constitutional claims and supplemental jurisdiction for the state law claim. [DE 1]. Defendants now move to dismiss Means' claims for failing to state a claim for which relief may be granted, primarily based on statute of limitations. [DE 4]. Means moved in response to amend her complaint. [DE 8].

## II.     STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice

3

if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by a limitations period is warranted only if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (emphasis added). In other words, it must be "apparent from the face of the complaint that the limit for bringing the claim[s] has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (alteration in original) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

4

### III.     DISCUSSION

Because Means has moved to amend her Complaint, the Court first considers this motion. *See Gallaher & Associates, Inc.*, 2010 WL 670078, at *1, *Brumbalough*, 427 F.3d at 1001. *See also AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 943 (W.D. Tenn. 2010) (observing that the court must first consider whether amendment is futile, and if so, the pertinent cause of action in the original complaint cannot survive the motion to dismiss). The parties do not assert undue delay, bad faith, dilatory motive, or lack of proper notice, so the Court's analysis will be limited to futility. *See Brumbalough*, 427 F.3d at 1001. Because the standard for futility mirrors the review applied in motions to dismiss, the Court will address Means' amended allegations as if included in her original Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 1980215, at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if included in first complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'").

    *i.*    42 U.S.C. § 1983 *Claim, State Law Assault and Battery Claims: Statute of Limitations*

Means' § 1983 and state law assault and battery claims in her original and proposed amended complaint are identical. Defendants argue that Means' § 1983 and state law assault and battery claims should be dismissed and are futile because the statute of limitations—one year—has tolled on each of these claims. [DE 9 at 76; DE 10 at 92]. Means argues that Defendants' affirmative defense is best raised in a motion for summary judgment, and that she need not respond with factual matters raising triable issues of fact at this stage. [DE 7-1 at 36-39; DE 8-1 at 54-55].

She regardless moves to amend the factual basis in her complaint to include facts on the tolling issue. [DE 8-1 at 52-55; DE 8-3 at 64-65].

"Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). For cases that arise from events in Kentucky, like this case, "[i]t is well-settled that [they will be] governed by Kentucky's personal injury statute of limitations." *Kennedy v. City of Villa Hills*, No. CIV.A.07-122-DLB, 2008 WL 650341, at *3 (E.D. Ky. Mar. 6, 2008) (citing KRS § 413.140(1)(a); *see also Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007)). Courts adopt the tolling provisions that apply to that statute unless they conflict with the federal policy underlying the statute. *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). Thus, Kentucky's one-year statute of limitations applies to personal injury claims under KRS 413.140 and its applicable tolling provisions applies to Mean's claims under 42 U.S.C. § 1983. This one-year statute of limitations also applies to her state law assault and battery claims. *See* KRS § 413.140(1)(a); *B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 642 (W.D. Ky. 2019) (citations omitted); *Dunn v. Felty*, 226 S.W.3d 68, 70 (Ky. 2007).

Means contends that though the events alleged in the original complaint occurred on September 2, 2020 and this case was filed on October 20, 2021, as a "prisoner civil rights suit against prison officials," her pursuit of prison grievance procedures as an inmate tolled her statute of limitations. [DE 8-1 at 52-54]. Defendants argue that the "tolling mechanism does not apply to [Means] as a former inmate."[1] [DE 10 at 93-94]. Defendants contend "[b]ecause only a current

---

[1] Means' Complaint states that she entered LMDC for a 90-day program in September 2020 [DE 1-2 at 9], presumably running through January 2021. She does not dispute Defendants' contention that she was no longer an inmate when she filed her Complaint and accepts this premise in her response. [*See* DE 11].

inmate must exhaust all administrative remedies before filing suit, Plaintiff cannot hide behind that inapplicable tolling mechanism." [*Id.* at 94].

In support of their argument that Means was not in custody when she filed her Complaint, Defendants attach records from Means' criminal case: a Motion to Revoke, filed by the Commonwealth of Kentucky, and an unofficial State criminal case record for Means. [DE 10 at 94; DE 10-2; DE 10-3]. While these documents would not change the Court's analysis because Means is not arguing she was an inmate when she filed her Complaint, the Court may not properly consider these documents on motion to dismiss, as they are not referred to in the Complaint and are not central to Means' claims. *Bassett*, 528 F.3d at 430.

Under both Kentucky and federal law, "in general an inmate's pursuit of prison grievance procedures will toll the statute of limitations." *Tyler v. Taylor*, 128 S.W.3d 495, 497 (Ky. App. 2003); *see also Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000) (in the context of 42 U.S.C. § 1997e, "the statute of limitations which applied to [plaintiff's] civil rights action was tolled for the period during which his available state remedies were being exhausted"). This is because "[n]o action shall be brought by or on behalf of an inmate . . . until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted." KRS § 454.415(1); *see Tyler*, 128 S.W.3d at 497; *and Brown*, 209 F.3d at 596–97 ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The definition of inmate in each statute does not include former inmates, and the exhaustion requirement does not apply to former inmates who bring suit after they are released. *See, e.g.*, *Burke v. Thompson*, No. 5:15-CV-00007-TBR, 2016 WL 2587996, *10-11 (W.D. Ky. May 4,

2016) (citing *Harris v. Garner*, 216 F.3d 970, 975 (11th Cir. 2000)); *and Cox v. Mayer*, 332 F.3d 422, 424–25 (6th Cir. 2003).

The statute of limitations clock started on the date of the Means' constitutional injury: September 2, 2020. [DE 1-2 at 9]; *see Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 933 (6th Cir. 2009) ("The cause of action accrues on the date of the injury to the person"). While Means is now a former inmate and the exhaustion requirements do not apply to her as such, based on the facts as pled, Means was an inmate when she pursued her administrative remedies. [DE 8-3 at 65]. Certainly, the statute of limitations was tolled for Means—as an inmate—when she filed an administrative grievance with the prison on September 3, 2020. [*Id.* at 64 ("almost everyday [sic] from September 3, 2020 . . . Means kept inquiring and requesting . . . updates in regard to her filed grievance")]; *Odom v. Kelley*, No. 3:17-CV-P118-DJH, 2019 WL 728536, at *2 (W.D. Ky. Feb. 20, 2019) ("the statute-of-limitations period was tolled for some period of time while [p]laintiff pursued administrative remedies."). And the clock began to run again in when the complaint was denied on October 23, 2020, until she appealed it on October 26, 2020, at which time it was tolled again until January 2021 when she was released.[2] [DE 8-3 at 65]; *see Tyler*, 128 S.W.3d at 497 n. 5 (citing *Woods v. Young*, 53 Cal. 3d 315, 315 nt. 3 (1991) ("Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is when the tolling period has ended."). The time left on the statute of limitations clock at this time would thus be almost an entire year, as only a few days were not included in the tolling period. The question remaining is if this tolling and restarting

---

[2] Again, while not explicitly stated in the Complaint, January 2021 appears to be the time Means was released from LMDC. Accepting the factual basis in the Complaint, her administrative appeal was pending from October 26, 2020 until her release. [DE 8-3 at 65].

8

applies to Means' current suit, or if it would instead only apply to Means if she remained an inmate and filed a civil suit as prisoner.

Finding no tolling here suggests an absurd result under the statute. If an inmate's pursuit of administrative remedies took longer than her statute of limitations, she would be left without recourse if released before filing her lawsuit, since—under Defendants' interpretation—the statute of limitations would not be tolled by a former inmate's pursuit of administrative remedies. Under this interpretation, any inmate released while pursuing the required administrative remedies would necessarily be left with less time than if she remained in prison. Prison authorities who knew an inmate would be released could simply wait out the statute of limitations while taking no action on a prisoner's required pursuit of exhaustion of administrative remedies. A more reasonable interpretation tolls the statute of limitations for anyone who is an "inmate" *when they pursue administrative remedies*, regardless of their status when they file their lawsuit. *See Vartinelli v. Pramstaller*, No. 10-10702, 2010 WL 5330484, at *2 (E.D. Mich. Dec. 21, 2010) (refusing to interpret tolling rule such that it "would allow prison authorities to delay review of a prisoner's grievance until the statute of limitations ran."); *Davis v. Straub*, No. CIV.A. 10-14397, 2011 WL 2433398, at *7 (E.D. Mich. May 10, 2011), *report and recommendation adopted,* No. 10-14397, 2011 WL 2415357 (E.D. Mich. June 13, 2011) ("if a grievance did not toll the limitations clock during the entire grievance process, the prison, upon receiving a grievance could, through its own dilatory practices, wait out the limitations period.")

Thus, the Court finds that the time Means pursued her required administrative remedies as an inmate tolled her statute of limitations. Means thus had around a year from January 2021 to file her lawsuit, or until the end of December 2021. Since her lawsuit was filed October 20, 2021, she was within this statute of limitations. Thus, the Court finds "the statute of limitations which

applie[s] to [Plaintiff's] civil rights action [is] tolled for the period during which [her] available state remedies were being exhausted." *Brown*, 209 F.3d at 596.

As a result, the Court cannot find on the face of the Complaint that the statute of limitations has passed for Means' § 1983 and state law assault and battery claims. The Court thus finds that amendment is not futile, and as the parties do not assert undue delay, bad faith, dilatory motive, or lack of proper notice, the Court **GRANTS** Means' motion for leave to amend [DE 8] as to the factual assertions related to these claims, and Defendants' Motion to Dismiss [DE 4] the § 1983 and state law assault and battery claims in Means' Complaint is **DENIED**.

*1. Intentional Infliction of Emotional Distress*

Means' Intentional Infliction of Emotional Distress ("IIED") claim as stated in her original and proposed amended complaint are identical. Means alleges that "the degrading and shaming parade sustained at the hands and control of the Defendants" caused Means severe emotional distress. [DE 1-2 at 15]. Defendants argue that the claim should be dismissed and is futile because the "traditional torts" of assault and battery, as alleged by Means, preclude her IIED claim. [DE 4-1 at 26; DE 9 at 78].

Kentucky courts characterize IIED as a gap-filler tort claim. *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993). Under Kentucky law, "where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." *Id.* However, while IIED is a gap-filler tort, "[t]his is not to say that it cannot be pleaded alternatively." *Id.* at 582; *see also Kustes v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV.A. 5:12-323, 2013 WL 4776343, at *2 (E.D. Ky. Sept. 3, 2013) ("A plaintiff can, however, plead an IIED claim in the alternative to a

10

traditional tort claim."). "The tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Cnty., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011). *See also Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. App. 1999); ("assault or battery with the intention to cause extreme emotional distress can give rise to an IIED claim in addition to the assault or battery claim."); *and Banks v. Fritsch*, 39 S.W.3d 474 (Kt. App. 2001) (holding that a directed verdict for defendant on IIED claim was proper where evidence did not support a finding that defendant intended only to cause plaintiff extreme emotional disturbance and plaintiff could theoretically recover emotional damages arising from false imprisonment, assault, or battery).

Means has alleged that Defendants intentionally or recklessly caused severe emotional distress. While the facts as alleged may also support traditional tort claims, it may also be that one or both Defendants acted only with an intent to cause emotional harm. At this early stage, Means' assertions must be assumed true. The mere fact that Means has alleged both traditional tort claims and IIED claims is not grounds for dismissal of her IIED claims. Additionally, Defendants characterize Means' claim as "a physical tort: the act of forcibly moving her from the room in which she was searched before she was dressed." [DE 9 at 78]. However, in her complaint, Means alleges that an intentional or reckless act by Defendants was a "degrading and shaming parade." [DE 1-2 at 15]. Viewing the facts on the face of the Complaint in a light most favorable to Means, this act could be pled either as an alternative or as a standalone IIED claim, because at this stage it is not explicitly precluded by the assault and battery torts on the facts as pled—Means could recover on her IIED claim if Defendants acted solely to inflict extreme emotional distress. *Doe v. Suroor*, No. CIV.A. 3:05CV728-H, 2007 WL 1651993, at *1 (W.D. Ky. June 6, 2007) ("The only exception is where one can say that Defendant's physical assault was intended solely to inflict

11

extreme emotional distress."). Means' IIED claim thus survives Defendants' challenge, and the Court **DENIES** Defendants' Motion to Dismiss [DE 4].

## CONCLUSION

Accordingly, the Court having considered the parties' motions, related filings, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss [DE 4] is **DENIED**;

(2) Means' Motion Amend [DE 8] is **GRANTED**;

(3) Means' Amended Complaint [DE 8-3] is deemed filed as of the date of entry of this Order;

(4) Summonses [DE 8-4 and DE 8-5] shall be issued forthwith upon entry of this Order.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

September 15, 2022

Cc:     Counsel of record